UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARINA SARKISIAN,

    Plaintiff,                                            Hon. Paul L. Maloney

v.                                                               Case No. 1:17-cv-1092

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **vacated and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal

standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 51 years of age on her alleged disability onset date and 57 years of age on the date she applied for disability benefits. (PageID.219). She successfully completed high school and worked previously as a bank teller and child care worker. (PageID.42). Plaintiff applied for benefits on October 7, 2014, alleging that she had been disabled since December 1, 2008, due to a meniscus tear in her knee, memory problems, depression, anxiety, and diabetes. (PageID.219-24, 249).

Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.121-217). On January 25, 2017, Plaintiff appeared before ALJ Thomas Walters with testimony being offered by Plaintiff and a vocational expert. (PageID.59-97). In a written decision dated March 14, 2017, the ALJ determined that Plaintiff was not disabled. (PageID.35-43). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.24-29). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) diabetes; (2) knee disorder; (3) hypertension; (4) depression; and (5) memory loss, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.37-39). With respect to Plaintiff's residual functional capacity, the ALJ

---

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

determined that Plaintiff retained the capacity to perform medium work[2] subject to the following limitations: (1) she can follow only simple, routine work instructions; (2) she is limited to routine work changes; (3) she can exercise only simple work-related judgment; and (4) she is limited to only occasional contact with co-workers, supervisors, and the general public.   (PageID.39).

The ALJ found that Plaintiff was unable to perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding.  *See Richardson*, 735 F.2d at 964.  While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added).  This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy.  *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, her limitations notwithstanding.   Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 450,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding.  (PageID.91-94).  This represents a significant number of jobs.  *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand

---

[2] Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. § 404.1567(c).  Medium work also requires standing or walking "approximately 6 hours in an 8-hour workday."  *See Kimrey v. Berryhill*, 2018 WL 2392829 at *4 (E.D. Tenn., May 25, 2018) (citation omitted).

jobs in the United States fits comfortably within what this court and others have deemed 'significant'").

I.        **The ALJ's RFC Assessment**

Plaintiff's brief is very poorly organized. In support of her appeal, Plaintiff asserts that "the decision of the Commissioner is unsupported by any substantial evidence." (ECF No. 11 at PageID.536). This claim is so vague as to be meaningless as it arguably encompasses every possible argument a claimant could assert against an ALJ's decision. Nevertheless, in the body of her appeal brief, Plaintiff clearly argues that the ALJ's RFC assessment is deficient. (ECF No. 11 at PageID.538-41). While this particular argument is not well developed, it is properly before the Court. Defendant apparently concedes as much, specifically noting that Plaintiff has challenged the ALJ's RFC assessment. (ECF No. 12 at PageID.545).

A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). As noted above, the ALJ found that Plaintiff can perform medium work subject to certain non-exertional limitations. Plaintiff argues that this determination is not supported by substantial evidence. The Court agrees.

Treatment notes dated November 11, 2013, indicate that Plaintiff was experiencing joint pain and stiffness in her shoulders and knees, as well as back pain and spasms. (PageID.318-20). Plaintiff was diagnosed with several impairments including chronic pain syndrome and

morbid obesity.  (PageID.320).  Treatment notes dated May 9, 2014, revealed abnormal findings upon examination of Plaintiff's shoulders, knees, and back.  (PageID.313-17).

On November 24, 2014, Plaintiff participated in a psychological evaluation, the results of which revealed she was suffering from post-traumatic stress disorder (PTSD) and major depressive disorder, recurrent, severe without psychotic features.  (PageID.334-37).  The examiner concluded that Plaintiff's "psychological condition would result in moderate limitations in her capacity to do work related activities."  (PageID.336).  Treatment notes dated December 3, 2014, indicate that Plaintiff suffered a torn meniscus and synovial thickening in her left knee.  (PageID.338-42).

Several physical examinations, performed between March 2, 2015, and November 15, 2016, revealed abnormal findings of Plaintiff's shoulders, knees, and back.  (PageID.359-83, 449-54).  Psychological testing performed on January 3, 2017, revealed that Plaintiff was suffering "a Major Depressive Disorder which is recurrent and moderate to severe in nature."  (PageID.489).  The psychologist further observed:

> The depth of the severity of [Plaintiff's] depression is such that I believe it is interfering with a number of important cognitive functions including auditory attention, sustained visual attention, and memory and visual-motor processing speed.  The patient shows a number of complications related to her depression including markedly reduced psychomotor activity, fatigue and a strong sense of social alienation.  A number of structured interventions will be recommended to facilitate her appropriate psychosocial adjustment.

(PageID.489).

Treatment notes dated January 10, 2017, indicate that Plaintiff's depression "has grown worse" and that Plaintiff "finds it difficult to function and spends much time in bed."  (PageID.481-85).  Treatment notes dated January 24, 2017, indicate that Plaintiff was "extremely depressed" and experiencing "overwhelming" anxiety.  (PageID.516).

On February 13, 2017, one of Plaintiff's treating psychologists completed a Mental Residual Functional Capacity Assessment form regarding Plaintiff's limitations in 20 separate categories encompassing (1) understanding and memory, (2) sustained concentration and persistence, (3) social interaction, and (4) adaptation. (PageID.496-98). With respect to three of the categories, the psychologist reported that Plaintiff's abilities were "not ratable on available evidence." (PageID.496-97). With respect to the remaining 17 categories, the psychologist rated Plaintiff's ability as moderately limited in one category and markedly limited in 16 categories. (PageID.496-97).

The Court recognizes that the medical record in this matter is not extensive. Likewise, the administrative record does not compel the conclusion that Plaintiff is incapable of performing work at all levels of exertion. The Court also recognizes, however, that claimants of "advanced age," as Plaintiff was when she applied for benefits, can face unique hurdles when attempting to participate in the labor force. As the Social Security's regulations state, "[w]e consider that at advanced age (age 55 or older), age significantly affects a person's ability to adjust to other work." 20 C.F.R. § 404.1563(e). The Court further recognizes that given the ALJ's findings with respect to Plaintiff's education and work experience, Plaintiff would appear to be deemed disabled pursuant to the Medical-Vocational Guidelines if Plaintiff were limited to light or sedentary work.

In sum, the Court finds that the ALJ's RFC assessment suffers from two shortcomings that render such deficient and require this matter to be remanded. First, while the evidence concerning the severity of Plaintiff's physical impairments is neither extensive nor compelling, the record simply does not support the ALJ's conclusion that Plaintiff can work on her feet for up to six hours daily, lifting up to 50 pounds including frequent lifting of 25 pounds.

Second, the vocational expert testified that if Plaintiff were "off task" as little as ten percent of the workday, there did not exist any jobs that she could perform. (PageID.93). Thus, implicit in the ALJ's decision is the finding that Plaintiff would "off task" less than ten percent of the workday. The evidence concerning Plaintiff's emotional impairments, however, compels the conclusion that this particular finding is not supported by substantial evidence.

Accordingly, the undersigned concludes that the ALJ's RFC assessment is not supported by substantial evidence. Because the vocational expert's testimony was premised upon a faulty RFC determination, the ALJ's reliance thereon does not constitute substantial evidence. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996) (while the ALJ may rely upon responses to hypothetical questions posed to a vocational expert, such questions must accurately portray the claimant's impairments).

**II.        Remand is Appropriate**

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644. Evaluation of Plaintiff's claim requires the resolution of factual disputes which this Court is neither competent nor authorized to undertake in the first instance. Moreover, there does not exist compelling evidence that Plaintiff is disabled. Accordingly, the undersigned recommends that this matter be remanded for further administrative action.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be **vacated and this matter remanded to for further administrative action**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: November 27, 2018

 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge