UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KARINA SARKISIAN,<br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br>    Defendant. | No. 1:17-cv-1092<br><br>Honorable Paul L. Maloney |

### ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Ellen S. Carmody, United States Magistrate Judge,[1] who issued a Report and Recommendation ("R&R") on November 27, 2018 (ECF No. 15). The R&R recommends vacating the Commissioner's decision denying benefits because the decision was not supported by substantial evidence. The Commissioner timely filed an objection (ECF No. 16); Plaintiff Karina Sarkisian has not responded.

The Commissioner is entitled to de novo review on the portions of the R & R for which it has articulated clear and specific objections. Fed. R. Civ. P. 72(b)(3). But "[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition." *Owens v. Comm'r of Soc. Sec.*, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (quoting *Nickelson v.* Warden, No. 1:11-cv-334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012)). And similarly, the Court is not obligated to address objections that do not identify *specific* errors in the magistrate judge's proposed recommendations. *Id.*

---

[1] Judge Carmody retired on November 1, 2019; Magistrate Judge Sally J. Berens is now assigned to the case.

The magistrate judge found two errors in the ALJ's assessment: first, that "the record simply does not support the ALJ's conclusion that Plaintiff can work on her feet for up to six hours daily, lifting up to 50 pounds including frequent lifting of 25 pounds," and second, that the record did not support the ALJ's implicit conclusion that Plaintiff would be off task less than 10 percent of the time (R&R at 8-9). The Commissioner now objects to the R&R, arguing that the magistrate judge improperly re-weighed the evidence before reaching these conclusions.

This Court must uphold the ALJ's decision if it is supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citation omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). A decision that is supported by substantial evidence must not be reversed simply because contrary evidence exists, even if that contrary evidence is also substantial. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).

On review of the evidence, the Court agrees with the magistrate judge. There is a dearth of evidence to support the ALJ's conclusion that Sarkisian can work on her feet for up to six hours daily or lift 25 pounds routinely. The Commissioner's objection has not pointed to any evidence that supports this conclusion, and the only evidence the Court has located in the record that appears to support the ALJ's conclusion is the opinion of Dr. Lazzara. Dr. Lazzara opined that Sarkisian could stand for up to six hours and occasionally stoop and squat (ECF No. 7-2 at PageID.41). This is contrasted by Dr. Nguyen's opinion

2

that Sarkisian could stand for less than two hours daily and lift less than 10 pounds (*Id.*). The ALJ gave Dr. Lazzara's opinion more weight than Dr. Nguyen's opinion, but even so, there is no record evidence that supports the conclusion that Sarkisian could lift up to 50 pounds and that she could repeatedly lift 25 pounds. The magistrate judge properly reviewed the record and found that this conclusion was not supported by substantial evidence.

The Commissioner also objects to the magistrate judge's finding regarding Sarkisian's ability to stay on task over 90 percent of the workday. Again, the Commissioner has not pointed to what record evidence it believes supports this conclusion, and again, the Court cannot locate evidence in the ALJ's decision that supports this affirmative conclusion. Nowhere in the ALJ's decision or the record evidence does a medical professional opine that Sarkisian can stay on task so consistently. The Court agrees with the magistrate judge's evaluation of the record: this conclusion is not supported by substantial evidence.

Given that there are no errors in the magistrate judge's analysis, the Court overrules all objections. Accordingly,

**IT IS HEREBY ORDERED THAT** the Court **ADOPTS** the Report and Recommendation (ECF No. 15) as the Opinion of the Court, **OVERRULES** the Commissioner's objections (ECF No. 16), and **VACATES** the decision of the Commissioner denying benefits to Plaintiff. The matter is **REMANDED** for further administrative action.

**IT IS SO ORDERED.**

Date:  February 14, 2020                                                /s/ Paul L. Maloney  
                                                                                                      Paul L. Maloney  
                                                                                                      United States District Judge